UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTEN TOPP,

     Plaintiff,                    Case No.: 1:25-cv- 00903-RJJ-RSK

vs.                                  Hon. Robert J. Jonker
                                  Magistrate Ray Kent

WAL-MART STORES EAST, LP,

     Defendant.

| | |
|---|---|
| MATHEW F. BOEHRINGER (P79332) | NICOLE M. WRIGHT (P63513) |
| THE MARK SISSON LAW FIRM, PLLC | ZAUSMER, P.C. |
| Attorney for Plaintiff | Attorney for Defendant |
| 30200 Telegraph Road, Suite 102 | 32255 Northwestern Highway, Suite 22 |
| Bingham Farms, MI  48025 | Farmington Hills, MI  48334 |
| (248) 829-3088 / Fax: (734) 655-9045 | (248) 851-4111 / Fax: (248) 851-0100 |
| mboehringer@marksissonlaw.com | nwright@zausmer.com |
| msisson@marksissonlaw.com | |

**DEFENDANT WAL-MART STORES
EAST, LP'S ANSWER TO COMPLAINT; AFFIRMATIVE
DEFENSES; AND DEMAND FOR JURY TRIAL**

    NOW COMES, Defendant, WAL-MART STORES EAST, LP ("Defendant

Walmart"), by and through its attorneys, ZAUSMER, P.C., and for its Answer to

Plaintiff KRISTEN TOPP's Complaint, states the following:

    1.    Plaintiff KRISTEN TOPP ("Topp") is a resident of the City of

Kalamazoo, Kalamazoo County, Michigan.

**ANSWER: In answer to Paragraph One, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

2.      Defendants WAL-MART STORES EAST, LP is a business operating in the City of Kalamazoo, Kalamazoo County, Michigan.

**ANSWER: In answer to Paragraph Two, Defendant Walmart admits that it conducts business in the City of Kalamazoo, County of Kalamazoo, and in the State of Michigan.**

3.      The amount in controversy exceeds Twenty-Five Thousand and 00/100 ($25,000.00) Dollars.

**ANSWER: In answer to Paragraph Three, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

<u>**GENERAL ALLEGATIONS**</u>

4.      On or about July 18, 2023, Plaintiff Topp was a guest at WAL-MART STORES EAST, LP located at 501 N. 9th St., Kalamazoo, MI 49009.

**ANSWER: In answer to Paragraph Four, Defendant states that it is without sufficient knowledge or information upon which to form a belief as to the truth**

2

10717358.1

of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.

5.      The property located at 501 N. 9th St., Kalamazoo, MI 49009 was/is being operated by Defendant WAL-MART STORES EAST, LP.

**ANSWER**: **In answer to Paragraph Five, Defendant Walmart admits that its store is located at 501 N. 9th Street in Kalamazoo, Michigan. By way of further response, as to the remaining allegations, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

6.      Ms. Topp was walking in the parking lot at WAL-MART STORES EAST, LP where she encountered a pothole on which she tripped and fell.

**ANSWER**: **In answer to Paragraph Six, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

7.      Ms. Topp's body was thrown to the ground resulting in injury.

**ANSWER**: **In answer to Paragraph Seven, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to**

10717358.1

the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.

8. Ms. Topp suffered severe injuries including but not limited to her right knee and right ankle.

**ANSWER: In answer to Paragraph Eight, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

## COUNT I
## NEGLIGENCE/PREMISES LIABILITY

9. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

**ANSWER: In answer to Paragraph Nine, Defendant Walmart repeats and realleges each and every allegation contained in its answer to Paragraphs One through Eight above as specifically repeated herein, paragraph by paragraph, and word for word.**

10. On or about July 18, 2023, Topp was a business invitee of WAL-MART STORES EAST, LP.

**ANSWER: In answer to Paragraph Ten, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to**

4

10717358.1

the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.

11.    WAL-MART STORES EAST, LP owed duties to Topp, as a business invitee to:

    a.  warn of the dangers which it knew or should have known existed on the premises;
    b.  to inspect the premises to discover possible dangerous conditions of which it did not have knowledge;
    c.  to take reasonable precautions to protect invitees from dangers that were foreseeable;
    d.  to take reasonable measures to remove the dangerous condition within a reasonable period of time;
    e.  to exercise reasonable care in the removal of hazardous conditions;
    f.  to adequately supervise and train its employees, servants and agents so that they exercise reasonable care in maintaining the premises for invitees;
    g.  to provide adequate staff to maintain the premises in a reasonably safe condition.

**ANSWER**: **In answer to Paragraph Eleven, including subparagraphs (a.) through (g.), Defendant Walmart admits that it owes certain duties to its business invitees. However, Defendant Walmart denies that it breached any duties owed to its business invitees, including any duties owed to Plaintiff.**

12.    WAL-MART STORES EAST, LP breached its duties to Topp, through its acts and omissions, including, but not limited to:

    a.  failure to warn invitees, including Plaintiff, of the dangerous condition which it knew or should have known existed;

10717358.1

b. creating a hazardous condition by not removing the hazard in such a place or manner that it created a trip hazard for invitees, including Plaintiff;

c. failure to inspect the premises for dangerous conditions, which it knew or should known existed and would be a hazard to invitees;

d. failure to take reasonable measures to remove the hazard, or other dangerous conditions, after it knew or should have known about their existence;

e. failure to exercise reasonable care in the removal of the hazardous condition which was a foreseeable danger to invitees;

f. failure to remove the hazard, or other dangerous conditions, when it had actual or constructive notice of the dangerous condition;

g. failure to supervise and train its employees, agents and servants in the maintenance of the premises;

h. failure to provide sufficient staff to adequately perform removal of dangerous conditions on its land.

**ANSWER**: **In answer to Paragraph Twelve, including subparagraphs (a.) through (h.), Defendant Walmart states that no response is required because the allegations assume facts not evidence and call for legal conclusions. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

13. As a direct and proximate result of WAL-MART STORES EAST, LP'S

negligence,

Plaintiff suffered injuries, including but not limited to: her right knee and right ankle.

**ANSWER**: **In answer to Paragraph Thirteen, Defendant Walmart states that no response is required because the allegations assume facts not evidence and call for legal conclusions. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

## COUNT II
## ORDINARY/ACTIVE NEGLIGENCE BY DEFENDANT

14.    Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

**ANSWER**: **In answer to Paragraph Fourteen, Defendant Walmart repeats and realleges each and every allegation contained in its answer to Paragraphs One through Thirteen above as specifically repeated herein, paragraph by paragraph, and word for word.**

15.    Defendant owed duties to Plaintiff to use ordinary care and caution in the treatment of the pothole so as to not create a dangerous trip hazard and/or to warn Plaintiff regarding the dangerous trip hazard that Defendant created.

**ANSWER**: **In answer to Paragraph Fifteen, Defendant Walmart admits that it owes certain duties to its business invitees. However, Defendant Walmart denies that it breached any duties owed to its business invitees, including any duties owed to Plaintiff.**

10717358.1

16.    Defendant breached its duties to Plaintiff by not removing the pothole in such a place and manner that it was likely to be seen by Plaintiff or other invitees to trip and fall.

**ANSWER: In answer to Paragraph Sixteen, Defendant Walmart states that no response is required because the allegations assume facts not evidence and call for legal conclusions. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

17.    Defendant further breached its duties to Plaintiff by placing the pothole in such a place and manner that it was not likely to be seen by Plaintiff or other invites who were traversing the premises.

**ANSWER: In answer to Paragraph Seventeen, Defendant Walmart states that no response is required because the allegations assume facts not evidence and call for legal conclusions. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

18.    Defendants further breached their duties to Plaintiff by failing to warn Plaintiff about the dangerous trip hazard that had been created.

**ANSWER: In answer to Paragraph Eighteen, Defendant Walmart states that no response is required because the allegations assume facts not evidence and call for legal conclusions. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

10717358.1

19.    As a direct and proximate result of Defendant's ordinary/active negligence, Plaintiff suffered damages as fully set forth in the paragraphs of this Complaint.

**ANSWER: In answer to Paragraph Nineteen, Defendant Walmart states that no response is required because the allegations assume facts not evidence and call for legal conclusions. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, denies that Plaintiff is entitled to recover a judgment against it in any sum of money, and prays that Plaintiff's cause of action be dismissed with prejudice and that Defendant be awarded costs and reasonable attorney fees wrongfully incurred herein.

Respectfully Submitted,

ZAUSMER, P.C.

/s/ *Nicole M. Wright*
NICOLE M. WRIGHT (P63513)
Attorney for Defendant Walmart Stores East, LP
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
(248) 851-4111
Dated:  August 26, 2025                nwright@zausmer.com

10717358.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTEN TOPP,

     Plaintiff,                           Case No.: 1:25-cv- 00903-RJJ-RSK

vs.                                    Hon. Robert J. Jonker
                                        Magistrate Ray Kent

WAL-MART STORES EAST, LP,

     Defendant.

| MATHEW F. BOEHRINGER (P79332) | NICOLE M. WRIGHT (P63513) |
|---|---|
| THE MARK SISSON LAW FIRM, PLLC | ZAUSMER, P.C. |
| Attorney for Plaintiff | Attorney for Defendant |
| 30200 Telegraph Road, Suite 102 | 32255 Northwestern Highway, Suite 22 |
| Bingham Farms, MI  48025 | Farmington Hills, MI  48334 |
| (248) 829-3088 / Fax: (734) 655-9045 | (248) 851-4111 / Fax: (248) 851-0100 |
| mboehringer@marksissonlaw.com | nwright@zausmer.com |
| msisson@marksissonlaw.com | |

**DEFENDANT WAL-MART STORES EAST, LP'S,
AFFIRMATIVE DEFENSES**

NOW COMES, Defendant, WAL-MART STORES EAST, LP ("Defendant Walmart"), by and through its attorneys, ZAUSMER, P.C., and to the extent discovery reveals, Defendant states the following for its Affirmative Defenses:

1.    The condition that allegedly caused Plaintiff's damages/injuries was open and obvious.

10717358.1

2.      Plaintiff may not recover against Defendant Walmart for items of economic expense, including, but not limited to, medical, hospital, drug/medication bills and/or lost earnings and/or future earnings.

3.      Plaintiff's recovery, if any, shall be diminished by Plaintiff's comparative and/or contributory negligence.

4.      Plaintiff is more than fifty (50%) percent at fault and, under the series of laws under the Tort Reform Act (MCL § 600.6304), Plaintiff cannot recover.

5.      Defendant Walmart will assert at the time of trial that another person and/or entity is at fault, whether a party or non-party, and pursuant to MCL § 600.2957, fault must be allocated to them.  Defendant Walmart reserves the right to file a Third-Party Complaint against the party and/or non-party at fault.

6.      Plaintiff's claims are barred because she has failed to mitigate her damages.

7.      Plaintiff's claims are barred because Defendant Walmart is not the sole and/or proximate cause of the alleged injuries/damages described in Plaintiff's Complaint.

8.      Plaintiff's claims are barred and/or Defendant Walmart is entitled to a set-off pursuant to the collateral source rule (MCL § 600.6303).

9.      Plaintiff's claims are barred because Defendant Walmart lacked notice of the alleged condition described in Plaintiff's Complaint.

10717358.1

10.    Plaintiff's claims are barred because she has failed to state a claim.

11.    Plaintiff's claims are barred because, at all times relevant hereto, Defendant Walmart provided a reasonably safe premises and did not breach any duty owed to Plaintiff.

12.    Plaintiff's claims are barred in whole and/or in part by Plaintiff's comparative/contributory negligence.

13.    Plaintiff's claims are barred in whole and/or in part because of the assumption of the risk doctrine.

14.    Plaintiff's claims are barred in whole and/or in part due to payment; release; satisfaction; discharge; license; fraud; estoppel; and the statute of frauds.

15.    Plaintiff's claims are barred in whole and/or in part by the applicable statute of limitations.

16.    Plaintiff's claims are barred in whole and/or in part by immunity granted by law.

17.    Plaintiff's claims are barred in whole and/or in part by want or failure of consideration.

18.    Plaintiff's claims are barred in whole and/or in part by an instrument or transaction that is void, voidable, or cannot be recovered on by reason of statute or non-delivery.

19.     Plaintiff's claims are barred in whole and/or in part because Defendant

Walmart reasonably maintained the subject area and did not breach any duty owed

to its invitees, including Plaintiff.

20.     Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREFORE, Defendant Walmart reserves the right to file further

Affirmative Defenses, which may be revealed by discovery.

Respectfully Submitted,

ZAUSMER, P.C.

/s/ *Nicole M. Wright*
NICOLE M. WRIGHT (P63513)
Attorney for Defendant Walmart Stores East, LP
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
(248) 851-4111

Dated:  August 26, 2025          nwright@zausmer.com

13

10717358.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTEN TOPP,

     Plaintiff,                         Case No.: 1:25-cv- 00903-RJJ-RSK

vs.                                   Hon. Robert J. Jonker
                                   Magistrate Ray Kent

WAL-MART STORES EAST, LP,

     Defendant.

| | |
|---|---|
| MATHEW F. BOEHRINGER (P79332) | NICOLE M. WRIGHT (P63513) |
| THE MARK SISSON LAW FIRM, PLLC | ZAUSMER, P.C. |
| Attorney for Plaintiff | Attorney for Defendant |
| 30200 Telegraph Road, Suite 102 | 32255 Northwestern Highway, Suite 22 |
| Bingham Farms, MI  48025 | Farmington Hills, MI  48334 |
| (248) 829-3088 / Fax: (734) 655-9045 | (248) 851-4111 / Fax: (248) 851-0100 |
| mboehringer@marksissonlaw.com | nwright@zausmer.com |
| msisson@marksissonlaw.com | |

**DEFENDANT WAL-MART STORES EAST,
LP'S, DEMAND FOR TRIAL BY JURY**

     NOW COMES, Defendant, WAL-MART STORES EAST, LP, by and through

its attorneys, ZAUSMER, P.C., and hereby makes a demand for trial by jury of the

facts and issues in the above cause of action.

14

Respectfully Submitted,

ZAUSMER, P.C.
/s/ Nicole M. Wright
NICOLE M. WRIGHT (P63513)
Attorney for Defendant Walmart Stores East, LP
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
(248) 851-4111
Dated:  August 26, 2025        nwright@zausmer.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 26, 2025**, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice and copies of such filing using the Court's e-filing system.

/s/ Nicole M. Schroeder
NICOLE M. SCHROEDER

10717358.1